**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| Adam Crane, David Johnson, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:17-CV-02031CM-JPO |
| CoreCivic and | ) | |
| Securus Technologies, Inc., | ) | |
| Defendants. | ) | |

**PLAINTIFFS' EX PARTE MOTION FOR A STAY OF ALL PROCEEDINGS AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

Plaintiffs respectfully move this Court for a stay of all proceedings in this case. Plaintiffs brought identical claims in the United States District Court for the Western District of Missouri (Case No. 4:16-cv-00947 SRB), and that matter has been pending since August 31, 2016.

**PRELIMINARY STATEMENT**

On August 31, 2016, Plaintiff Adam Crane filed a class action Complaint against Corecivic and Securus Technologies, Inc., in the United States District Court for the Western District of Missouri (hereinafter referred to as the "WDMo Case") alleging that Defendants had been systematically recording and/or monitoring attorney/client phone calls without consent. *See Case No. 4:16-cv-00947 SRB*, ECF Doc. No. 1. Specifically, Plaintiff claimed that by monitoring and recording privileged conversations, Defendants violated the Missouri and Kansas Wiretapping Act. Plaintiffs amended their Complaint on March 8, 2017 to include Federal Wiretapping violations.

In their Answers, both Defendants alleged jurisdictional issues as defenses in this

matter, which prompted Plaintiffs to dual file their claims in this District. *Case No. 4:16-cv-00947 SRB*, ECF Doc. Nos. 11, 13, 39, 40. Plaintiffs request that this Court stay the proceedings until such time as the alleged jurisdictional issues are resolved in the WDMo Case.

For reasons of comity and judicial economy, as discussed more fully below, Plaintiffs respectfully request that this Court stay discovery and all other proceedings in this matter until the jurisdictional issues are resolved in the WDMo Case.

## ARGUMENT

The determination to stay or proceed with this case rests within the sound discretion of this Court. *See, e.g.*, *Falgoust v. Microsoft Corp.*, No. CIV.A.00-00779, 2000 WL 462919, at *1 (E.D. La. Apr. 19, 2000) ("[C]ourts have inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted).

In the interests of judicial economy, Plaintiffs respectfully submit that this Court should stay these proceedings until such time as the Court determines jurisdiction in the WDMo Case. *See Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) ("A stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted."); *see also McCrary v. Bayer Corp.*, No. CIV.A. 02-642, 2002 WL 1467691, at *1 (E.D. La. July 3, 2002) ("[T]he decision whether to grant or deny a stay is completely within the discretion of the Court . . . . It continues to remain the opinion of this Court that the plaintiff will not be prejudiced by this temporary stay as any prejudice resulting from this short delay is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings."); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov.

12, 1999) ("Under these circumstances, i.e., pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources.")

## I. A STAY OF THESE PROCEEDINGS WOULD PROMOTE COMITY AND JUDICIAL ECONOMY.

Courts have determined that a stay of the action is appropriate if it serves the interests of judicial economy and efficiency. *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (citing cases). Proceeding with this case will result in the unnecessary consumption of judicial time and energy in, *inter alia*, duplicative discovery requests, motion practice, depositions, monitoring discovery, and ruling on Plaintiff's anticipated demand for class certification notice to all eligible class members who represented clients detained at CCA-Leavenworth. *See, e.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1361 (N.D. Cal. 1997) ("If this case is not stayed, preliminary proceedings would continue as required . . . and this Court would need to monitor discovery and approve a case management plan in a potentially massive . . . action. Taking on such a task at this time would seem to unnecessarily consume judicial time and energy.")

## II. A STAY WOULD BENEFIT THE PARTIES.

In deciding to grant a stay, this Court properly may consider the interests of the parties in addition to the Court's own interest in conserving judicial resources. *See, e.g.*, *Falgoust*, 2000 WL 462919, at *2. The parties will benefit from a stay of this matter until such time as the Missouri Court can resolve the jurisdictional issues.

For example, absent a stay, Defendant would be forced into the patently disadvantageous position of developing and presenting similar defenses in two separate district courts. *See Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (holding that *ipse dixit*

assertions of prejudice will not be determined to "outweigh the disadvantages of litigating identical claims in a multitude of venues"). Without a stay, this case will proceed in parallel, forcing, *inter alia*, duplicative discovery on clearly overlapping issues. *See, e.g.*, *Sevel v. AOL Time Warner*, 232 F. Supp. 2d 615, 616 (E.D. Va.

2002) (granting a stay of the proceedings pending decision regarding transfer by the Panel, noting that a stay had the salutary purpose of "avoid[ing] undue confusion and duplication of effort" in complex securities fraud actions); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Case Nos. 92-1030, 92-1086, 1992 WL 102762, *2 (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay."). Such duplication of effort would be punitive to both this Court and the parties before it.

Moreover, if Defendants were to prevail on their jurisdictional issues, Plaintiffs' statutes of limitations would be affected because there would not be tolling for claims once the matter would be dismissed.

In contrast, the parties will suffer no discernible prejudice by having this matter stayed until such time as the Missouri Federal District Court has determined the jurisdictional issues. This matter has only recently been filed by Plaintiff. Staying this case now will not prejudice the Plaintiff because this case is in a nascent stage wherein a stay will have virtually no practical effect. *See, e.g.*, *Mathis v. Bristol-Myers Squibb, Co.*, No. Civ. A. 03-0308, 2003 WL 1193668, at * 1 (E.D. La. Mar. 12, 2003) (granting stay until the Panel decided a pending motion for consolidation and transfer, noting that the case at issue was "newly filed" with no discovery having taken place).

In addition, a stay will preclude the possibility of conflicting and perhaps contradictory rulings on matters such as the scope and propriety of discovery, class certification and notice

issues. Accordingly, Plaintiffs respectfully submit that the Court should stay these proceedings until the jurisdictional issues in the WDMo Case are resolved.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully requests a stay of these proceedings, until such time as the Missouri Court resolves the jurisdictional issues purportedly claimed by Defendants.

This the 18th Day of April, 2017.

Respectfully Submitted,

**The Hodgson Law Firm, LLC**

By: */s/ Michael Hodgson*
Michael Hodgson MO Bar No. 63677
3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

*/s/ Lance Sandage*
Lance D. Sandage MO Bar No. 46022
Sandage Law LLC
1600 Genessee Street, Suite 314
Kansas City, MO 64102
Tel: 816.753.0800
Fax: 816.735.4602
lance@sandagelaw.com

*/s/ Joseph K. Eischens*
Joseph K. Eischens MO #44706
Law Office of Joseph K. Eischens
1321 Burlington St., Suite 202
North Kansas City, Missouri 64116
(816) 945-6393 *telephone*
joe@jkemediation.com

ATTORNEYS FOR PLAINTIFFS